**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
DERRICK ALLEN,                  :
                                :  Civil Action No. 08-5354 (SRC)
              Plaintiff,        :
                                :
                                :
          v.                    :  OPINION
                                :
OCEAN COUNTY COUNSEL, et al.,   :
                                :
              Defendants.       :
```

**APPEARANCES:**

    DERRICK ALLEN, Plaintiff pro se
    #566776/444067D
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114

**CHESLER**, District Judge

Plaintiff Derrick Allen, currently a state inmate confined at the Northern State Prison in Newark, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights under 42 U.S.C. § 1983.  Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should proceed in part at this time.

## I.   BACKGROUND

Plaintiff, Derrick Allen ("Allen"), brings this civil rights action against the following defendants: the Union County Counsel; the Warden at Union County Jail; Correctional Officer ("CO") G. Stewart; Union County Jail John and Jane Does; and the Union County Jail's Internal Affairs. (Complaint, Caption and ¶¶ 4b, 4c and Statement of Facts). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Allen alleges that he was maliciously beaten by an inmate, John Oatsman, while he was confined at the Union County Jail in Elizabeth, New Jersey, on December 2, 2006. He claims that Oatsman behaved differently after a conversation they had on December 2, 2006. This conversation was witnessed by another inmate, Earl Bradley, who also was assigned to the same cell as plaintiff and Oatsman. Allen called for the housing unit officer, G. Stewart, to alert Stewart that Oatsman was threatening plaintiff harm. Stewart told plaintiff to remain in

his cell and that plaintiff should see Stewart after the dinner movement.  (Complaint, Statement of Facts at ¶¶ 1-5).

Allen went back to his bunk and wrote on a piece of paper what was taking place between he and Oatsman.  He attempted twice to get CO Stewart to come to his cell, with both attempts failing.  At this point, Oatsman came at plaintiff to see what Allen had written on the paper.  When Allen refused to show the paper to Oatsman, Oatsman became more agitated with plaintiff and began to brutally beat plaintiff in the face and body.  Inmate Bradley then called for help.  Another officer arrived, saw all the blood, and called a code.  Plaintiff was taken to the Trinitas Hospital, where he received five stitches on his chin and was admitted for three days for treatment of contusions and abrasions to his chest and mid-section.  (Id. at ¶¶ 6-20).

When plaintiff returned to Union County Jail, he was placed in detention and charged with conduct to disrupt and fighting. He was found not guilty of these charges and returned to his cell.  Allen complains that no one at Union County Jail came to him to take a statement about the incident of December 2, 2006. No one asked if he wanted to press charges against inmate Oatsman.  So plaintiff requested to see someone about pressing charges against Oatsman and CO Stewart.  He also requested that the inmate who harmed him be kept separate from plaintiff, which was not done.  He contends that the Union County Correctional

3

staff were negligent in providing plaintiff with a safe environment, and that the overcrowded conditions at Union County Jail "precipitated and exacerbated and led to [his] assault."[1] (Id. at ¶¶ 21-36).

The Complaint does not set forth the type of relief that Allen is seeking. It is not clear if he is seeking money damages or some kind of injunctive relief.

## II.    STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Here, plaintiff is a prisoner who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined at the Union County Jail. Consequently, this action is subject to sua sponte screening for dismissal

---

[1] The three inmates, plaintiff, Oatsman and Bradley were assigned to the same cell that was intended to house only two inmates.

4

under 28 U.S.C. § 1915(e)(2)(B) because he is proceeding as an indigent, and under 28 U.S.C. § 1915A because he is a prisoner seeking redress from government officials and entities.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). See Erickson, 127 S.Ct. at 2200. Thus, a complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair

5

notice of what the ... claim is and the grounds upon which it rests." Erickson, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculation level. ...

Bell v. Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Accordingly, a pro se prisoner plaintiff may allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted. Twombly, supra; Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d

6

371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

### A. Failure to Protect Claim

It appears that Allen may have been a pretrial detainee at the Union County Jail when the incident of assault by another inmate occurred. Pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. See Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000). Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979). Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its

>    conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...
>
>    A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."  Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees <u>qua</u> detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  441 U.S. at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  <u>Id.</u> at 539 n.20, 561-62.

Here, Allen appears to allege that defendant Stewart allowed an attack by another inmate against plaintiff which caused plaintiff serious bodily injury.  He does not allege that the other inmate posed a known risk of harm prior to the date of the assault, but Allen does allege that he communicated to defendant Stewart his fear of attack that day and that he needed to be secured from any danger posed by the inmate, Oatsman.  Thus, Allen may be able to support a claim that defendant Stewart failed to protect him from a known harm, disregarding an excessive risk to plaintiff's safety.[2]  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious."  Farmer, 511 U.S. at 842.  Deliberate indifference is more than a mere lack of ordinary due care; it is a state of mind equivalent to a reckless disregard of a known

---

[2]  The Eighth Amendment analysis provides the floor in determining the standard to be considered with respect to detainees.  To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim.  The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

risk of harm.³  Farmer, 511 U.S. at 834.  Consequently, these issues are fact questions which are not susceptible to summary dismissal

Therefore, based on plaintiff's allegations, the Court is constrained to allow this claim to proceed at this time.

Allen also alleges that the Union County Correctional Staff (John and Jane Does) were negligent in providing plaintiff with a safe environment, and that the overcrowded conditions at the jail (bunking three inmates in a two-inmate cell) "precipitated and exacerbated and led to [his] assault."  (Compl., ¶¶ 33-36).  It is not clear whether plaintiff is alleging a Fourteenth Amendment due process claim with respect to the overcrowded conditions at the Union County Jail, or whether is claim is simply based in a common law claim of negligence.  In any event, this Court finds that this claim against the Union County Correction Staff (John and Jane Does) is related to his failure to protect claim against defendant Stewart, which is proceeding at this time, and therefore, the Court may exercise supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).

---

³ However, where defendants merely have failed to exercise due care in failing to prevent harm to an inmate, such negligence is insufficient to establish a violation of the Eighth Amendment. See Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Schwartz v. County of Montgomery, 843 F.Supp. 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (mere negligence insufficient to support a § 1983 action for violation of the Eighth or Fourteenth Amendments).

11

B.  <u>Failure to File Criminal Charges</u>

Next, it appears that plaintiff is asserting a claim against defendants, Union County Counsel and the Union County Jail Internal Affairs, alleging that they failed to investigate and press criminal charges against the inmate Oatsman and CO Stewart regarding the incident of December 2, 2006.  This Court finds that any such claim alleging failure to prosecute or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983.  <u>See</u> <u>Leeke v. Timmerman</u>, 454 U.S. 83, 85-87 (1981); <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  <u>See</u> <u>also</u> <u>Maine v. Taylor</u>, 477 U.S. 131, 137 (1986); <u>Heckler v. Chaney</u>, 470 U.S. 821, 832 (1985); <u>United States v. General Dynamics Corp.</u>, 828 F.2d 1356, 1366 (9th Cir. 1987).

Therefore, this claim should be dismissed with prejudice, in its entirety, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), as against the defendants, Union County Counsel and the Union County Jail Internal Affairs.

V.  <u>CONCLUSION</u>

Therefore, for the reasons set forth above, plaintiff's claims against defendants, Union County Counsel and the Union County Jail Internal Affairs, asserting failure to file criminal charges, will be dismissed with prejudice, in its entirety as against these defendants, for failure to state a claim upon which

12

relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, plaintiff's claims against defendants, CO Stewart and the Union County Correctional Staff (John and Jane Does), alleging failure to protect and negligence in failing to provide a safe environment, shall be allowed to proceed at this time.  An appropriate order follows.

 

Dated:

_____
STANLEY R. CHESLER
United States District Judge