NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DERRICK ALLEN, | : |
|  | : Hon. Stanley R. Chesler, U.S.D.J. |
|  | : Civ. A. No. 08-CV-5354 |
| Plaintiff, | : |
|  | : **OPINION** |
| v. | : |
| UNION COUNTY COUNSEL, *et al.* | : |
| Defendants. | : |

### CHESLER, District Judge

This matter comes before the Court upon the motion for summary judgement filed by Defendants [docket item #41]. Plaintiff has opposed this motion [docket item #43]. After consideration of the parties' briefing, the Court has determined that it will grant Defendants' motion for summary judgment. In the following discussion, the Court gives its reasons for the decision.

**FACTUAL BACKGROUND**

As set forth in the Plaintiff's Complaint, on December 2, 2006 at approximately 4:00 p.m., Plaintiff was allegedly beaten by an inmate (John Oatman) at the Union County Jail in Elizabeth, New Jersey. Plaintiff alleged that previously, at around 1:30 p.m., Oatman began to behave differently after a conversation took place between Plaintiff and Oatman. After this conversation, Plaintiff "went to the cell door and called

for the housing unit officer (G. Stewart), to alert him that if [Plaintiff] remained in [his] present cell, an incident would occur." (docket item #1-2.)  Allegedly, Officer Stewart responded that he would speak with Plaintiff after the 5:00 p.m. dinner movement.  After witnessing the incident, inmate Earl Bradley attempted to contact Officer Stewart.  At this time, Officer Stewart responded and called for assistance.  After a 3 day stay at the hospital, Plaintiff returned to his cell and was charged with Conduct to Disrupt and Fighting, as to which he was subsequently found not guilty.  Plaintiff brings the instant action, asserting that the Union County Correctional staff was negligent in failing to provide a safe environment.

   At his deposition, Plaintiff testified that certain times were originally misstated and that he is unaware of CO Stewart having any involvement in these events and he was named a party because he was the CO that signed the disciplinary charges against Plaintiff.  (See Exhibit L - Plaintiff's Deposition, Page 46-49.)  Moreover, Plaintiff testified that less than 15 minutes elapsed between the time Plaintiff initially made contact with the officers and the time of the beating.  (See Exhibit K - Plaintiff's Deposition, Page 95.)  Furthermore, Plaintiff concedes that he did not notify any of the officers of any problems he was having, yet stated "CO, CO may I speak with you" on one occasion and "CO, CO could you come here?  I need to speak with you," on a second occasion.  (See Exhibit G - Plaintiff's Deposition, Page 35; Exhibit H - Plaintiff's Deposition, Pages 45,51; Exhibit I, Plaintiff's Deposition, Pages 39-41.)  Furthermore, there had been no prior incidents between Plaintiff and Oatman (See Exhibit C - Plaintiff's Deposition, Page 30-31.)

   Plaintiff, in his opposition, states that the COs who took over the 4:00 p.m. shift

failed do to an inspection of the cell every half hour, as required under the correctional services rules.  (Exhibit A.)   Plaintiff argues had the COs followed the correct protocol, Plaintiff would have been able to inform them of the impending incident.  Furthermore, Plaintiff states that CO Stewart was on duty and is, therefore, an appropriate party to be named.  The New Jail Roster does demonstrate that CO Stewart was on duty the day of the incident.  (Exhibit F.)

**SUMMARY JUDGMENT STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56© provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56©; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party.  See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).  The moving party bears the burden of establishing that no genuine issue of material fact remains.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita, 475 U.S. at 586; see also Anderson, 477 U.S. at 247-48.  Pursuant to Federal

Rule of Civil Procedure 56(e), the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993)).

## ANALYSIS

Although originally naming Correction Officer Greg Stewart as a Defendant, Plaintiff testified that he could not describe CO Stewart, did not know if CO Stewart was among the Officers present at the time of the incident, that he did not call specifically to CO Stewart and that Plaintiff named CO Stewart as a Defendant because he filed the disciplinary charges against Plaintiff. (See Exhibits H, I, J, K and L.) However, as evidenced by the daily roster (Exhibit F), there is an indication that CO Stewart was on duty in the surrounding area that day. Nevertheless, as discussed below, there is no factual basis for finding Stewart, or any other Defendant, liable.

An Eight Amendment violation occurs when a prison official acts with deliberate indifference towards a substantial risk of harm to an inmate. Farmer v. Brennan, 511 U.S. 825, 833 (1994). In order to demonstrate such a violation, a Plaintiff must show 1) "that he is incarcerated under conditions posing a substantial risk of serious harm"; and 2) that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at

834, 838.

Here, it has not been demonstrated that the Defendants were aware of any risk to Plaintiff's safety. First, prior to the incident at bar, Plaintiff and Oatman had no altercations. (See Exhibit C.) There is no indication that the facility had knowledge, or constructive knowledge, that Plaintiff's safety was at risk. Moreover, in regards to the actual day of the incident, Plaintiff, despite having the opportunity, never informed the correction officer of the reason for Plaintiff's desire to speak with the officers. Plaintiff simply stated, for example, "CO, CO could you come here? I need to speak with you." (See Exhibit H - Plaintiff's Deposition, Pages 45,51; Exhibit I, Plaintiff's Deposition, Pages 39-41.) Such a statement is insufficient to put an officer on notice of a substantial risk of harm to an inmate. Moreover, only fifteen minutes elapsed between the time Plaintiff made contact with the officers and the incident. During that time period, no officer had actual or constructive knowledge of the happenings inside the cell. (See Exhibits G, H, I, J, and K.) Additionally, it appears that the response of the Officers was reasonable. Given the prior history of the inmates, the lack of information provided by Plaintiff and the compressed time frame, there is no basis upon which a reasonable jury could conclude that any Defendant acted with deliberate indifference towards a substantial risk of harm to an inmate. See Helling v. McKinney, 509 U.S. 25, 33 (1993) ("A prison official's duty under the Eight Amendment is to ensure reasonable safety.") There is simply no indication that a prison official acted with deliberate indifference towards a substantial risk of harm to an inmate. Since there is no basis to hold an individual Defendant liable, and Plaintiff has failed to demonstrate any claims against the prison or county under Monell v. Department of Social Services, 436 U.S. 658 (1978),

the motion is granted in its entirety.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for summary judgment, dismissing with prejudice Plaintiff's Complaint in its entirety. An appropriate form of order will be filed together with this Opinion.

                                                s/ Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J.

Dated: August 11, 2010